IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

MALCOLM H. GOODRICH
MAGGIE W. STEIN
GOODRICH LAW FIRM, P.C.
2619 ST. JOHNS, AVENUE, SUITE F
P. O. BOX 1899
BILLINGS, MT  59103-1899
TELEPHONE: (406) 256-3663
FAX:  (406) 256-3660
Bar No. 2551
Bar No. 8149
ATTORNEYS FOR DEBTORS

---------------------------------------------------------------------x
:
In re                                               :    Chapter 11
:
SOUTHERN MONTANA ELECTRIC,     :    Case No. 11-62031-RBK
GENERATION AND TRANSMISSION   :
COOPERATIVE, INC.                          :
:
   **Debtor.**                                      :
:
---------------------------------------------------------------------x

**MOTION FOR ENTRY OF EMERGENCY INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES**

Comes now the Debtor and for its Motion for Entry of Emergency Interim Order (I) authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code (Code), (II) Providing Adequate Assurance to Prepetition Secured Parties Pursuant to Sections 105, 361, 362, 363 and 507 of the Code states as follows:

A/74591790.1

1. On October 21, 2011, the Debtor commenced its Chapter 11 case by filing a voluntary petition for relief. The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner or committee has been appointed in the Chapter 11 Case although a joint motion between the US Trustee and the Debtor for appointment of a trustee is pending. This Court has jurisdiction over the Chapter 11 Case, the parties, and the Debtor's property pursuant to 28 U.S.C. §§157(b)(2)(D) and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(D). Venue for the Chapter 11 Case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409. As of the date herein, the Office of the United States Trustee has not appointed an official committee of unsecured creditors or any other official committee.

2. The Debtor is a party to that certain Indenture of Mortgage, Security Agreement and Financing Statement dated as of February 26, 2010 (collectively as amended, restated, supplemented or otherwise modified from time to time, the "Indenture"), among Debtor, as grantor, U.S. Bank National Association as trustee (the "Indenture Trustee"), Bank of New York Mellon Trust Company, N.A. as collateral agent, and pursuant to which it is claimed that the Debtor incurred indebtedness to certain holders consisting of Prudential Insurance Company of America, Universal Prudential Arizona Reinsurance Company, Forethought Life Insurance Company and Modern Woodman of America (collectively with the Indenture Trustee, the "Prepetition Secured Parties") for (a) the Senior First Mortgage Notes, Series 2010A, due February 26, 2040 in the aggregate principal amount of $75,000,000 and (b) the Senior First Mortgage Notes, Series 2010B, due February 25, 2026 in the aggregate principal amount of $10,000,000. As security therefore, the Prepetition Secured Parties assert that the Debtor granted a prepetition security interest in certain real and personal property, including certain contracts

described on Exhibit B to the Indenture and perfected the same by the Financing Statement filed with the Montana Secretary of State on February 26, 2010, as Document #577697899. A copy of the Financing Statement is attached as Exhibit 1 hereto ("Financing Statement").

3. The Debtor seeks to use cash collateral attributable to the proceeds, rents, profits, revenue and income derived from the contracts and rights stated on Exhibit B to the Financing Statement on an interim basis as set forth herein ("Cash Collateral"); the Debtor notes that a portion of its property was clearly excluded from coverage of the Prepetition Secured Parties' lien claim, as demonstrated by Exhibit C ("Excluded Property") to the Financing Statement. Debtor does not seek permission herein to use proceeds, rents, profits, revenue and income derived from the Excluded Properly because it believes that such property is free of the lien or claim of the Prepetition Secured Parties and that it may be used for payment of operational expenses of the Debtor in the ordinary course. Nothing stated herein is intended to broaden the scope of coverage of any lien or pledge claimed to be granted in favor of the Prepetition Secured Parties by the Debtor under the Indenture.

4. The Debtor has an immediate and critical need to use the Cash Collateral to operate its business and effectuate a reorganization of its business, which use will be in accordance with the terms of this Motion and an Interim Order entered pursuant there to and subject to the Budget attached hereto. The Debtor is presently negotiating with the Prepetition Secured Parties for use of the Cash Collateral but, as of the date of this Motion, final agreement has not been reached hence this Motion.

5. Without the use of the Cash Collateral, the Debtor will not have sufficient liquidity to be able to continue to operate its business. The adequate protection provided herein to the Prepetition Secured Parties is sufficient to provide for any possible diminution in the value

of the Prepetition Secured Parties' interest in Cash Collateral from the date hereof through the Termination Date (defined below) for the Cash Collateral use contemplated under this Motion. Absent authorization to immediately use the Cash Collateral, the Debtor's estate and its creditors would suffer immediate and irreparable harm.

6. The Debtor believes that the terms of the use of the Cash Collateral in accordance with the Approved Budget for the term hereof are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are in the best interests of the Debtor, its estate and its creditors.

7. The term of the Cash Collateral authority requested herein is through and including December 21, 2011 (the "Termination Date"). Prior to the Termination Date the parties, or a Court appointed Trustee in place of the Debtor, on terms as acceptable to both or upon appropriate order of this Court after notice and hearing, may negotiate an extension or modification of the agreement for use of Cash Collateral on terms mutually acceptable to each.

8. Debtor has attached a budget for the time period from November 1, 2011 through December 31, 2011 which details proposed expenditures for Cash Collateral. Generally, the expenses shown, and the only purpose for which Cash Collateral use authority is requested, are those necessary expenditures incurred in the ordinary course for the: a) purchase and resale of power, which is the core of the Debtor's business; b) utility deposits proposed under the Debtor's companion 366 motion; c) employee and operational expenses; and d) court approved fees and costs of professionals.

9. The Debtor's use of Cash Collateral will terminate without prior notice or order of the Court on the Termination Date or the occurrence of the following:

        i. Seven (7) business days after the date the Prepetition Secured Parties provide the Debtor with written notice of the Debtor's

       failure to comply with any of the material terms or conditions of the Interim Order entered pursuant to this Motion;

ii. The date any material provision of this Motion will for any reason cease to be valid and binding or the Debtor will so assert in any pleading filed in any court;

iii. The date an application is filed by the Debtor for the approval of any superpriority claim or any lien in the Chapter 11 Case which is *pari passu* with or senior to the lien of the Prepetition Secured Parties without the prior written consent of the same;

iv. The effective date of any confirmed chapter 11 plan in the Chapter 11 Case;

v. The date of the commencement of any action by the Debtor against the Prepetition Secured Parties with respect to the obligations or liens claimed in effect by the Prepetition Secured Parties.

10. As adequate protection, the Prepetition Secured Parties will be provided the following:

i. Debtor will expend only those sums of money necessary to pay the ordinary course and approved professional expenses of the Debtor and as described on the Budget, recognizing that income and expense projections for the Debtor are based upon estimated numbers and may not reflect actual expenditures.

ii. Debtor will keep its monthly operating reports current with the US Trustee and will provide copies to the Prepetition Secured Parties on demand;

iii. Debtors will permit the Prepetition Secured Parties to maintain their lien claim on Cash Collateral and replacements thereof (except as to the Excluded Property) for the time period through the Termination Date;

iv. Debtor will expend sums derived from the Excluded Property contracts (without limitation those All Requirements Contracts for Yellowstone Valley Electric Co-Operative and EISS, Inc) first to pay operational expenses, professional fees and the utility deposits before using Cash Collateral of the Prepetition Secured Parties.

WHEREFORE, the Debtor moves the court for its Interim Order approving this Interim Cash Collateral Motion on the terms stated herein.

Dated November 17, 2011.

        GOODRICH LAW FIRM PC

        By */s/ Malcolm H. Goodrich*
        MALCOLM H. GOODRICH
        P. O. Box 1899
        Billings, MT 59103-1899
        Attorneys for Debtor

**NOTICE AND OPPORTUNITY TO RESPOND AND REQUEST HEARING**

**If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The objecting party shall schedule the hearing at least 21 days after the date of the motion and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:**

    NOTICE OF HEARING
    Date: _____
    Time: _____
    Location: _____

**If no objection is timely filed, the Court may grant the relief requested as a failure to respond by any entity which shall be deemed an admission that the relief requested should be granted.**

*CERTIFICATE OF SERVICE*

The undersigned hereby certifies under penalty of perjury that on November 17, 2011 a copy of the foregoing pleading was served by electronic means, pursuant to LBR 7005-1 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities.

        GOODRICH LAW FIRM, P.C.

        */s/ Malcolm Goodrich*
        Malcolm H. Goodrich

# Exhibit 1
# Financing Statement

A/74591790.1

## Exhibit 2
## Approved Budget


**Exhibit 2**
**Approved Budget**

A/74591790.1