Harold V. Dye
I.D. #408
Dye & Moe, P.L.L.P.
120 Hickory Street, Suite B
Missoula, MT 59801-1820
Telephone (406) 542-5205
Fax (406) 721-1616
hdye@dyemoelaw.com
Attorney for Unsecured Creditors Committee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE<br>SOUTHERN MONTANA ELECTRIC GENERATION AND TRANSMISSION COOPERATIVE, INC.,<br><br>Debtor. | Case No. 11-62031-11<br><br>**MOTION TO CONVERT TO CHAPTER 7 AND NOTICE** |

The Unsecured Creditors' Committee moves to convert this case to Chapter pursuant to 11 U.S.C. § 1112(b)(4)(A) "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

1.  The settlements with the City of Great Falls and, especially, Yellowstone Valley Electric Cooperative (YVEC) have removed approximately 35 percent of Debtor's future income.  Given that Debtor is a

"cooperative of cooperatives" there is no realistic chance that this income stream can be replaced by other sources.

2. While Debtor's cost of power can be expected to decrease proportionately with the decline in revenue, there is no indication that its operating expenses will decline at all.   Indeed, in May $368,309.13 of $506,252.93 in operating expense were either "Legal" or "Professional Fees."

3. Another factor contributing to Debtor's sure road to ruin is the adequate protection payments paid to the Prepetition Noteholders.   Debtor pays the Noteholders a cash adequate protection payment of $1,040,774.00 per month and also pays for their legal and professional expenses.   In May – not in the least an atypical month – these costs amounted to $143,854.75 which was more than the fees of the Trustee and his professionals.

4. There also appears to be little chance of a consensual agreement between the Noteholders and the remaining member cooperatives for a payment structure that the members can afford.   The Committee will give the Trustee credit for trying but in more than 18 months he has not been able to broker a deal.

5. The Committee lays most of the blame for this situation on the Noteholders who seem incapable of realizing that they made a bad loan and deal with it accordingly.   The Noteholders continue to asset entitlement –

through the position on the value of their secured claim and the make whole premium – to far more than could possibly be paid by the remaining members. If a plan were confirmed that gave the Noteholders their demand, then confirmation would be rapidly followed by the bankruptcy of the member coops.

### NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the notice. The responding party shall schedule the hearing on the application at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

**NOTICE OF HEARING
Date: _____
Time:_____
Location:_____**

If no response and request for hearing are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.

DATED: June 27, 2013.

                        DYE & MOE, P.L.L.P.

                        */s/ Harold V. Dye*
                        Harold V. Dye

CERTIFICATE OF SERVICE

I, the undersigned certify under penalty of perjury that on June 27, 2013, copies of the foregoing Motion To Convert To Chapter 7 And Notice were served electronically by ECF notice to all persons/ entities requesting special notice or otherwise entitled to same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/ entities who are not ECF registered users

*/s/ Ann M. Adler*