Steven M. Johnson
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
114 Third Street South
P.O. Box 1645
Great Falls, MT  59403
Telephone:  406.761.3000
Fax:  406.453.2313
E-mail:  sjohnson@chjw.com

Jonathan B. Alter
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT  06103-3178
Telephone:  860.240.2700
Fax:  860.240.2800
E-mail:  jonathan.alter@bingham.com

Steven Wilamowsky
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022
Telephone:  212.705.7000
Fax:  212.702.3607
E-mail:  steven.wilamowsky@bingham.com

*Counsel to the Noteholders*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **SOUTHERN MONTANA ELECTRIC GENERATION AND TRANSMISSION COOPERATIVE, INC.,** | ) ) ) **Case No. 11-62031-11** |
| Debtor. | ) ) ) |

### NOTEHOLDERS' MOTION TO FILE CERTAIN EXHIBITS TO DISCLOSURE STATEMENT AND PLAN UNDER SEAL

A/75848351.2

-2-

Pursuant to Rule 9037(c) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") and Mont. LBR 9037-1(g)(2)(Q), The Prudential Insurance Company of America, Universal Prudential Arizona Reinsurance Company, Prudential Investment Management, Inc. as successor-in-interest to Forethought Life Insurance Company, and Modern Woodmen of America (collectively, the "Noteholders"), move the Court for its Order allowing the Noteholders to file under seal Exhibit 2 (Pro Forma statements) to the Noteholders' Disclosure Statement filed on December 17, 2013 as Doc. No.1191, and Exhibit A (the Morgan Stanley Capital Group, Inc. [MSCGI] Agreement) to the Noteholders' Plan of Reorganization filed on December 17, 2013 as Doc. No. 1185 on grounds that said exhibits contain confidential proprietary and trade secret information, and filing those exhibits under seal would be consistent with the Trustee's approach to protect similar confidential information attached as exhibits to the Trustee's proposed plans and disclosure statements. In support of this Motion, the Noteholders respectfully state as follows:

      1.    On November 26, 2013, the Court issued an order terminating the appointment of the chapter 11 trustee (the "Trustee"), and restoring the debtor in the above-captioned case (the "Debtor") as debtor-in-possession, effective immediately [Doc No. 1160].

      2.    On December 5, 2013, the Court entered an Order as Doc. No. 1176, granting a request from the newly appointed counsel for the Debtor for additional time to familiarize itself with on all matters associated with the Debtor's case, and continuing, *inter alia*, a hearing on approval of the Disclosure Statement for the Member Cooperatives' Plan of Liquidation filed October 18, 2013 (Doc. No. 1099) from December 10, 2013 to 10:00 a.m. Tuesday, January 14, 2014.

A/75848351.2

3. On December 18, 2013, as Doc. No. 1192, the Court granted the Noteholders' Motion to Set Hearing on Noteholders' Disclosure Statement for January 14, 2014 and To Shorten Deadlines to Object to the Disclosure Statement Pursuant to F.R.B.P. 9006(c)(1). That order set a hearing on the Noteholders' Disclosure Statement for January 14, 2014 and shortened the time for objections to the Noteholders' Disclosure Statement, setting the objections deadline for January 7, 2014. The effect of the Court's order is to put the competing plans (the Noteholders' Plan and the Members' Plan) on the same parallel track, to conduct the hearings on the disclosure statements to both plans on the same date to determine if the disclosure statements relating to the competing plans provide creditors and parties in interest entitled to vote on the competing plans with adequate information under section 1125, and to enable the Court to consider the competing plans at a single hearing with consolidated arguments and evidence.

4. This Motion is made pursuant to Mont. LBR 9013-1(g)(2)(Q) as a routine matter and, accordingly, the undersigned has not included the standard notice of opportunity for hearing under Mont. LBR 9013-1(e). Mont. LBR 9013-1(g)(2)(Q) permits the Court to enter an order in furtherance of the interest of an expedited hearing. In this case, the Court has entered the aforementioned Order (Doc. No. 1192) setting a hearing on the Noteholders' Disclosure statement for January 14, 2014, and shortening the deadline for objections thereto, which serves the purpose of expediting the concurrent consideration of the disclosure statements filed in support of the Noteholders' and the Members' competing plans on an expedited basis. Enabling creditors access to the Noteholders' exhibits, which are the subject of this motion, while at the same time protecting confidential proprietary information contained in those exhibits facilitates the expedited conduct of the disclosure statement hearings.

5. The Court previously entered an Amended Protective Order (Doc. No.

A/75848351.2

834) requested by the Trustee on an *ex parte* basis to protect confidential information in the MSCGI Agreement and in pro forma financial projections attached to the Trustee's Plan of Reorganization and amendments thereto. As was the case in the Trustee's request to file similar documents under seal, the Noteholders request the Court's Order to file under seal the MSCGI Agreement, which is Exhibit A to the Noteholders' Plan, and the pro forma statements, which are Exhibit 2 to the Noteholders' Disclosure Statement. The MSCGI Agreement contains confidential pricing terms, which, if generally available to the public, would be prejudicial to Debtor's Members and ratepayers, allowing competitors to "get ahead of the market" in such a fashion that the price for electric power under the MSCGI Agreement could increase to the detriment of Member cooperatives and their ratepayers. In similar fashion, the pro forma projections are based, in part, on confidential and proprietary information, including pricing terms in the MSCGI Agreement. The Noteholders will, however, make unredacted copies of the aforementioned exhibits available to any creditor or creditor's counsel in exchange for the execution by such creditor or creditor's counsel of a confidentiality agreement. That arrangement will insure that creditors and parties in interest are provided with adequate information for purposes of section 1125 so as to enable them to make an informed decision for purposes of voting on the Noteholders' Chapter 11 plan and to facilitate creditors' evaluation of the Noteholders' Disclosure Statement on an expedited basis. A denial of this request for leave to file the exhibits under seal could create a dilemma for the Noteholders since the Amended Protective Order (Doc. No. 834) previously sought by the Trustee would seem to cover reproduction of the MSCGI Agreement.

      WHEREFORE, the Noteholders respectfully move the Court for its Order allowing the Noteholders to file under seal Exhibit 2 (Pro Forma statements) to the Noteholders'

A/75848351.2

Disclosure Statement filed on December 17, 2013 as Doc. No.1191, and Exhibit A (the Morgan Stanley Capital Group, Inc. [MSCGI] Agreement) to the Noteholders' Chapter 11 Plan of Reorganization filed on December 17, 2013 as Doc. No. 1185.

DATED this 19th day of December, 2013.

/s/Jonathan B. Alter
Jonathan B. Alter, Esq.
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Telephone: 860.240.2700
E-mail: jonathan.alter@bingham.com

Steven Wilamowsky
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022
Telephone: 212.705.7000
Fax: 212.702.3607
E-mail: steven.wilamowsky@bingham.com

- and -

/s/Steven M. Johnson
Steven M. Johnson
CHURCH, HARRIS, JOHNSON &
 WILLIAMS, P.C.
114 Third Street South
P.O. Box 1645
Great Falls, MT 59403
Telephone: 406.761.3000
E-mail: sjohnson@chjw.com

*Counsel to the Noteholders*

-6-

## CERTIFICATE OF SERVICE

      I, the undersigned, certify under penalty of perjury that on December 19, 2013, I caused to be served copies of the foregoing electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same.

/s/Steven M. Johnson
Steven M. Johnson

A/75848351.2